UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS BORERRO,<br><br>            Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF TRANSPORTATION, et al.<br><br>            Defendants. | Civil Action No.: 11-5665 (PGS)<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on a motion for summary judgment brought by Defendant New Jersey Department Transportation (ECF No. 38). There is diversity jurisdiction.

I.

On Route 78 eastbound in Greenwich, New Jersey, there is an inspection facility[1] designed and constructed by the New Jersey Department of Transportation ("NJDOT"), and operated by the New Jersey State Police. Within the inspection facility there is an open pit area about 2.5 feet wide and 5 feet deep that runs through the middle of a lane. Its purpose is to accommodate an inspector to easily descend into the pit and to inspect the undercarriage of a truck.

On January 21, 2010 at approximately 8:00 a.m., Plaintiff Louis Borerro ("Plaintiff" or "Borerro") was operating a truck loaded with furniture. At that time, Plaintiff pulled into the inspection facility and was directed by Defendant Jeffrey Oslislo (hereinafter "Trooper Oslislo") to stop and exit the truck, and to unlatch the hood of the truck. While unlatching the hood, Plaintiff did not observe the pit and fell into it, severely damaging his ankle and back.

Plaintiff brings this suit on the basis that there were no warning signs, distinguishing yellow

---

1    Colloquially, NJDOT representatives and agents refer to the inspection facility as a "barn."

markings, temporary railings or a grate over the pit as OSHA and New Jersey safety regulations require. Plaintiff relies on the report of Ronald A. Fermano, Jr., of Robson Forensic, an architect and premises safety expert. (ECF No. 40-4). Mr. Fermano finds that the pit is a "dangerous . . . hazard." Mr. Fermano opines that good safety management requires the use of warning techniques to alert individuals of the hazard. Mr. Fermano states that there are "well-known Standard Principals (sic) of accident prevention," including the use of safety guards, and warnings to instruct pedestrians about dangerous conditions. Mr. Fermano cites to OSHA Code 1910.23 which requires that an open pit "shall be constantly attended by someone or shall be protected on all exposed sides by removable standard railings." In addition, the American National Standards Institute ("ANSI") regulations require that the edge of the pit be painted bright yellow to give warning of the hazard, or place warning signs and cones in a conspicuous spot. *See also* ANSI A-1264, 1-2007 Safety Requirements for Workplace. Mr. Fermano's conclusion is that NJDOT's failure to provide warning stripes, guards, visual cues, and appropriate signage to warn truck drivers that a hazard exists violates the standard of care for safe public access.

II.

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting

*Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor 'that no reasonable jury could find for him, summary judgment is appropriate.'" *Alevras v. Tacopina*, 226 Fed. App'x 222, 227 (3d Cir. 2007).

### III.

Defendant NJDOT argues that any design defect is immune from liability under the New Jersey Tort Claims Act (*N.J.S.A.* 59:4-6). NJDOT argues that the inspection facility was designed by an engineering/architectural firm and approved by NJDOT personnel in 2002. As such, the design fits within the immunity section. The statute reads:

> 59:4-6. Plan or design immunity
>
> a. Neither the public entity nor a public employee is liable under this chapter for an injury caused by the plan or design of public property, either in its original construction or any improvement thereto, where such plan or design has been approved in advance of the construction or improvement by the Legislature or the governing body of a public entity or some other body or a public employee exercising discretionary authority to give such approval or where such plan or design is prepared

in conformity with standards previously so approved.

Although the Plaintiff's expert is an architect and safety engineering expert, and his report reads accordingly, NJDOT views the expert as an expert in design deficiencies. However, in reviewing the final pre-trial order (ECF No. 43), it states that the defendants are liable on several contested facts, but they are not based on a design defect:

> Defendants were negligent in not ensuring that the pit was either covered, guarded or otherwise protected.
>
> Defendants were negligent in not having warning signs posted about the open pit.
>
> Defendants were negligent in not warning Plaintiff that there was an open and unprotected pit in front of his truck.
>
> Defendant Oslislo was negligent in not warning Plaintiff about the open pit.
>
> Defendant Oslislo was negligent in instructing Plaintiff to go to the front of his truck to open the hood knowing that there was an open pit in the front of Plaintiff's truck

When taking these assertions with Mr. Fermano's opinion, the Plaintiff's theory is a lack of ***operational/saftey maintenance*** which created this hazard, as opposed to ***design***. As such, the Court finds the motion for summary judgment on design immunity to be moot and it is dismissed.

Alternatively, the State defendants argue that the New Jersey Tort Claims Act precludes the Plaintiff from establishing liability, because Plaintiff has not shown any exception to the New Jersey Torts Claim Act that would sufficiently apply. The Court disagrees for the following reasons.

The New Jersey Tort Claims Act presumes that the actions of State Defendants are immune from liability unless they are made liable by a specific provision. *N.J.S.A.* 59:2-1. Generally, immunity of state defendants applies except if there is a specific immunity provision that has been waived. For example, if a dangerous condition was present and no safeguards were undertaken, then the State may be liable.

*N.J.S.A.* 59:4-2. The statue reads:

> 59:4-2. Liability generally
>
> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
>
> b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
>
> Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.

To recover damages under this section, the Plaintiff must prove the following elements:

1. Dangerous Condition: the property was in a dangerous condition at the time of the injury (created a substantial risk of injury when used with due care);

2. Foreseeable risk: the dangerous condition created a reasonably foreseeable risk of the kind of injury Plaintiff sustained;

3. Causation: the dangerous condition proximately caused Plaintiff's injury;

4. Notice; and

5. Palpable unreasonableness: the measures taken by the public entity in protecting against the condition, or its failure to take any measures, were palpably unreasonable.

See *N.J.S.A.* 59:4-1, 59:4-2 and 59:4-3; see also *Vincitore v. Sports & Exposition Authority*, 169 N.J. 119 (2001); *Garrison v. Township of Middletown*, 154 N.J. 282 (1998); *Levin v. County of Salem*, 133 N.J. 35, 44 (1993).

Here, viewing the facts in a light most favorable to the Plaintiff, the Plaintiff has established the five elements. First, Plaintiff has established the open pit is a dangerous condition as evidenced by Fermano's opinion. Second, it is a foreseeable risk that an individual could fall into the pit. Third, the fall caused the injury. Fourth, the State had notice of the pit and its hazardous condition. Lastly, the fact that there were no markings or signs warning of the open pit, which easily could have been placed at the facility by the NJDOT, or verbal safety warnings by the officer on duty and present at the time of Plaintiff's accident, were palpably unreasonable failures by the State defendants.

Common experience demonstrates that defendants could have reasonably warned Plaintiff. For instance, when one is at a train depot, there is a yellow striped line found at the edge of the platform to warn of the existence of the lower track area, and other hazards in order to prevent traversing the yellow line carelessly. Failure to place warning signs, paint warning stripes, or otherwise caution truck drivers of a hazard as is done at a train station is palpably unreasonable. As such, summary judgment is denied.

## ORDER

This matter having come before the Court on a motion for summary judgment brought by Defendant New Jersey Department Transportation (ECF No. 38); and the Court having read the briefs submitted by the parties; and for good cause shown;

IT IS on this 10th day of November, 2014;

ORDERED that the motion for summary judgment is denied.

_____
PETER G. SHERIDAN, U.S.D.J.